# EXHIBIT 1

# EXHIBIT 1

SUMM

# District Court
## CLARK COUNTY, NEVADA

ORIGINAL

KEVIN CARTER, MICHAEL SACCO, and
BLAKE RECK  individually and on behalf of
all others similarly situated,

        Plaintiffs,

  vs.

WYNN LAS VEGAS, LLC, a Nevada limited
liability company,

        Defendant.

}

Case No.  A-16-740621-C
Dept. No. XXVII

## SUMMONS

**NOTICE!   YOU HAVE BEEN SUED.   THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS.  READ THE INFORMATION BELOW.**

**TO THE DEFENDANT:** A Civil Complaint has been filed by the plaintiff against you for the relief set forth in the Complaint.

### WYNN LAS VEGAS, LLC c/o Roxane Peper

    1.    If you intend to defend this lawsuit, within 20 days after this Summons is served on you exclusive of the day of service, you must do the following:

        a.    File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.

        b.    Serve a copy of your response upon the attorney whose name and address is shown below.

    2.    Unless you respond, your default will be entered upon application of the plaintiff and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

    3.    If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

Issued at the request of:

_____

Christian Gabroy
Nevada Bar No. 8805
170 S. Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Attorney for Plaintiff

STEVEN D. GRIERSON, CLERK OF COURT

By: _____
    Deputy Clerk
    County Courthouse
    200 South Third Street
    Las Vegas, Nevada 89101

AUG 8 2016
NDINA AMOS
Date

***NOTE:**    When service is by publication, add a brief statement of the object of the action.
            See Rules of Civil Procedure, Rule 4(b).

STATE OF _____)
                                       ) ss:        AFFIDAVIT OF SERVICE
COUNTY OF_____)

_____, being duly sworn says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, not a party to or interested in the proceeding in which this affidavit is made.    That affiant received _____ copy(ies) of the Summons and Complaint, on the _____ day of _____, 2016 and served the same on the _____ day of _____, 2016 by:

**(affiant must complete the appropriate paragraph)**

1.     delivering    and    leaving    a    copy    with    the    defendant at (state address)_____

2.     serving the defendant _____ by personally delivering and leaving a copy with _____, a person of suitable age and discretion residing at the defendant's    usual    place    of    abode    located    at    (state    address) _____ .

(Use paragraph 3 for service upon agent, completing A or B)

3.     serving the defendant _____ by personally delivering and leaving a copy                    at                    (state                    address)

     a.    with _____ as _____, an agent lawfully           designated by statute to accept service of process;

     b.    with _____, pursuant to NRS 14.020 as a person of suitable age and discretion at the above address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State.

4.     personally depositing a copy in a mail box of the United States Post Office, enclosed in a sealed envelope postage prepaid (check appropriate method):

           _____ Ordinary mail
           _____ Certified mail, return receipt requested
           _____ Registered mail, return receipt requested

           addressed to the defendant _____ at the defendant's last known address which                    is                    (state                    address)

         Executed this _____ day of _____, 20_____ .

                                    _____
                                    Signature of person making service

SUBSCRIBED AND SWORN to before me this

_____ day of _____, 2016.

NOTARY PUBLIC in and for said County and State

My commission expires:

SUMM

# District Court
## CLARK COUNTY, NEVADA

KEVIN CARTER, MICHAEL SACCO, and
BLAKE RECK  individually and on behalf of
all others similarly situated,

      Plaintiffs,

vs.

WYNN LAS VEGAS, LLC, a Nevada limited
liability company,

      Defendant.



Case No.  A-16-740621-C
Dept. No. XXVII

## SUMMONS

**NOTICE!   YOU HAVE BEEN SUED.  THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD
UNLESS YOU RESPOND WITHIN 20 DAYS.  READ THE INFORMATION BELOW.**

**TO THE DEFENDANT:** A Civil Complaint has been filed by the plaintiff against you for the relief set forth in the
Complaint.

### WYNN LAS VEGAS, LLC c/o Roxane Peper

    1.    If you intend to defend this lawsuit, within 20 days after this Summons is served on you exclusive
of the day of service, you must do the following:
        a.    File with the Clerk of this Court, whose address is shown below, a formal written response
to the Complaint in accordance with the rules of the Court.
        b.    Serve a copy of your response upon the attorney whose name and address is shown below.

    2.    Unless you respond, your default will be entered upon application of the plaintiff and this Court may
enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or
property or other relief requested in the Complaint.

    3.    If you intend to seek the advice of an attorney in this matter, you should do so promptly so that
your response may be filed on time.

Issued at the request of:

_____
Christian Gabroy
Nevada Bar No. 8805
170 S. Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Attorney for Plaintiff

STEVEN D. GRIERSON, CLERK OF COURT
ONDINA AMOS

By: _____
    Deputy Clerk
    County Courthouse
    200 South Third Street
    Las Vegas, Nevada 89101

*NOTE:    When service is by publication, add a brief statement of the object of the action.
         See Rules of Civil Procedure, Rule 4(b).

STATE OF _____ )
                                                                    ) ss:        AFFIDAVIT OF SERVICE
COUNTY OF_____ )

_____, being duly sworn says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, not a party to or interested in the proceeding in which this affidavit is made.   That affiant received _____ copy(ies) of the Summons and Complaint, on the _____ day of _____, 2016 and served the same on the _____ day of _____, 2016 by:

**(affiant must complete the appropriate paragraph)**

1.        delivering       and       leaving       a       copy       with       the       defendant at (state address)_____.

2.        serving the defendant _____ by personally delivering and leaving a copy with _____, a person of suitable age and discretion residing at the defendant's       usual       place       of       abode       located       at       (state       address) _____

**(Use paragraph 3 for service upon agent, completing A or B)**

3.        serving the defendant _____ by personally delivering and leaving a copy                        at                        (state                        address)

       a.       with _____ as _____, an agent lawfully                designated by statute to accept service of process;

       b.       with _____, pursuant to NRS 14.020 as a person of suitable age and discretion at the above address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State.

4.        personally depositing a copy in a mail box of the United States Post Office, enclosed in a sealed envelope postage prepaid (check appropriate method):

                _____ Ordinary mail
                _____ Certified mail, return receipt requested
                _____ Registered mail, return receipt requested

       addressed to the defendant _____ at the defendant's last known address which                        is                        (state                        address)

Executed this _____ day of _____, 20_____.

                                                        _____
                                                        Signature of person making service

SUBSCRIBED AND SWORN to before me this

_____ day of _____, 2016.

NOTARY PUBLIC in and for said County
and State

My commission expires:

Electronically Filed
07/26/2016 11:35:39 AM

*[signature]*

CLERK OF THE COURT

1 Jon R. Mower, Esq.
  Application for Admission *Pro Hac Vice* Pending
2 jmower@tocounsel.com
  THEODORA ORINGHER PC
3 535 Anton Boulevard, Ninth Floor
  Costa Mesa, California 92626-7109
4 Telephone: (714) 549-6200
  Facsimile: (714) 549-6201

5

6 Christian J. Gabroy, Esq. (Nevada Bar No. 8805)
  Oscar Peralta, Esq (Nevada Bar No. 13559)
  christian@gabroy.com
7 GABROY LAW OFFICES
  170 South Green Valley Parkway, Suite 280
8 Henderson, NV 89012
  Telephone: (702) 259-7777
9 Facsimile: (702) 259-7704

10 Attorneys for Plaintiffs

11

12                    **DISTRICT COURT**

13                 **CLARK COUNTY, NEVADA**

14 KEVIN CARTER, MICHAEL SACCO, and    Case No. A-16-740621-C
   BLAKE RECK individually and on behalf of all    XXVII
15 others similarly situated,              **COMPLAINT FOR:**
                                          1.    **FAILURE TO PAY MINIMUM**
16         Plaintiffs,                           **WAGES, AND UNLAWFUL TIP**
                                                **POOLING 29 U.S.C. § 206; 29**
17 vs.                                          **U.S.C. § 203 (m); 29 CFR 531.52 and**
                                                **531.54**
18 WYNN LAS VEGAS, LLC, a Nevada limited   2.    **CONVERSION**
   liability company,                     3.    **UNJUST ENRICHMENT**
19
          Defendant.                     COLLECTIVE    AND    CLASS    ACTION
20                                        PURSUANT TO 29 U.S.C. § 216(b) AND NEV.
                                         R. CIV. P. 23
21

22         Plaintiffs Kevin Carter, Michael Sacco, Blake Reck, and those persons set forth in Exhibit "A"

23 for themselves and all others similarly situated ("Plaintiffs"), allege as follows for their Complaint

24 against Wynn Las Vegas, LLC ("Wynn" or "Defendant"):

25         1.    Plaintiffs bring this collective and class action Complaint, pursuant to the Fair Labor

26 Standards Act, 29 U.S.C. § 216(b) and Rule 23 of the Nevada Rules of Civil Procedure, to recover

27 minimum wages and tips unlawfully withheld by Defendant while Plaintiff and similarly situated

28 employees worked as servers and bartenders for Defendant in its Tryst, Intrigue, and XS nightclubs

1017785.1/81370.05002
                                    1
                          *COMPLAINT FOR DAMAGES*

1   (the "Nightclubs") at the Wynn and Encore Hotels and Casinos in Las Vegas, Nevada.

2       2.    As set forth in detail below, Defendant paid bartenders and servers working in the

3   Nightclubs ("Tipped Employees") with a tip credit that Defendant used to offset minimum wages that

4   would otherwise be owed (referred to as the "Tipped Employee Minimum Wage").   However,

5   Defendant engaged in illegal tip pooling and tip sharing arrangements, which included requiring

6   Tipped Employees to share a percentage of their tips with the house or with management and other

7   non-point of service employees who do not customarily and regularly receive tips. As a result of this

8   unlawful mandatory tip pooling system Defendant was not permitted to apply a tip credit to its

9   employees' wages, and those employees are thus entitled to the difference between the Tipped

10   Employees Minimum Wage and the federal minimum wage of $7.25 per hour established by 29

11   U.S.C. § 206 ("FLSA Minimum Wage"), as well as payment of the wages and tips unlawfully taken

12   from them by way of Defendant's unlawful tip pooling and tip transferring policies and practices,

13   together with liquidated damages, attorneys' fees and costs, and all unpaid tips.

14   <u>**JURISDICTION AND VENUE**</u>

15       3.    This action arises under the Constitution, laws, or treaties of the United States,

16   including, without limitation, the Fair Labor Standards Act, 29 U.S.C. §§ 200, et seq., as well as

17   implementing regulations of the United States Department of Labor.   This Court has jurisdiction

18   pursuant to Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. §216(b) which provides that an

19   action based on these provisions "may be maintained against any employer . . . in any federal or state

20   court of competent jurisdiction by any one or more employees for and on behalf of himself or

21   themselves and other employees similarly situated."   Venue is proper in the District Court, Clark

22   County, Nevada because Plaintiffs reside in Clark County and worked for Defendant in Clark County;

23   the acts complained of occurred in Clark County, and Defendant regularly conducts business in Clark

24   County.

25   <u>**Plaintiffs Kevin Cater, Michael Sacco and Blake Reck hereby file notices of consent to**</u>

<u>**joinder.  Such true and correct copies of such consent is hereby attached as Exhibit "A".**</u>

26   <u>**PARTIES**</u>

27       4.    Plaintiff Kevin Carter is a citizen of the United States and the State of Nevada, and at

28   all relevant times was domiciled in Clark County, Nevada. During the time period relevant to this

1017785.1/81370.05002

2

*COMPLAINT*

THEODORA ORINGHER
COUNSELORS AT LAW

1   Complaint, Plaintiff was employed by Defendant as a bartender in Defendant's XS Nightclub bar, was

2   paid with a tip credit, and a portion of his tips was unlawfully withheld by Defendant as alleged

3   herein.

4        5.    Plaintiff Michael Sacco is a citizen of the United States and the State of Nevada, and at

5   all relevant times was domiciled in Clark County, Nevada. During the time period relevant to this

6   Complaint, Plaintiff was employed by Defendant as a bartender in Defendant's XS Nightclub bar, was

7   paid with a tip credit, and a portion of his tips was unlawfully withheld by Defendant as alleged

8   herein.

9        6.    Plaintiff Blake Reck is a citizen of the United States and the State of Nevada, and at all

10  relevant times was domiciled in Clark County, Nevada. During the time period relevant to this

11  Complaint, Plaintiff was employed by Defendant as a Server Assistant in Defendant's XS Nightclub

12  bar, was paid with a tip credit, and a portion of his tips was unlawfully withheld by Defendant as

13  alleged herein.

14       7.    Defendant Wynn Las Vegas, LLC is a limited-liability company organized and existing

15  under the laws of the State of Nevada, with its primary place of business in Las Vegas, Nevada.

16  During all times relevant to this Complaint, Defendant was doing business in Las Vegas, Nevada as

17  the Wynn Las Vegas and Encore Resort hotels and casinos.

18                              **GENERAL ALLEGATIONS**

19       8.    Under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 203(m), an

20  employer may fulfill part of its hourly minimum wage obligation to a tipped employee with the

21  employee's tips. This practice is known as taking a "tip credit." Section 203(m) obligates employers

22  who take a tip credit to (1) give notice to its employees, and (2) allow its employees to retain all the

23  tips they receive, unless such employees participate in a valid tip pool. Under Section 203(m), a tip

24  pool is valid if it is comprised exclusively of employees who are "customarily and regularly" tipped.

25       9.    At all times relevant to this action, Plaintiffs and similarly situated Tipped Employees

26  were required to share a percentage of their tips with management and other employees who were not

27  at the point of service and who do not customarily and regularly receive tips ("Non-Tipped

28  Employees") The tip-out amount to Non-Tipped Employees was changed by Wynn management

1017785.1/81370.05002

1  personnel on a periodic basis but over time ranged typically between five and twenty five percent of

2  the Tipped Employees' pooled tips.

3      10.    Non-Tipped Employees who generally consisted of Wynn managers and executives did

4  not actually receive the tip share as tips since they provided no point of service nor were they in a

5  position to receive any direct tips from customers. Rather, Defendant, through its management

6  personnel, retained and utilized a portion of the Tipped Employees tips for general business purposes,

7  and for their own financial benefit.  Retaining tips for general business purposes or to pay hourly

8  wages of other employees does not constitute a valid tip sharing or pooling under the Department of

9  Labor's regulations and federal and state law.

10      11.    Implementing regulations promulgated by the United States Department of Labor

11  prohibit the creation of any tip pool that violates Section 203(m).  See, 29 C.F.R. § 531.52 and

12  §531.54.  Because Plaintiffs and other Tipped Employees were forced, as a condition of their

13  employment with Defendant, to share tips with Defendant's management personnel and employees

14  who are not regularly and customarily tipped, Defendant's tip pooling and sharing policy was and is

15  unlawful.  Plaintiffs are informed and believe that the forced tip pooling practice continues to be a

16  requirement of employment at Defendant's Nightclubs and bars up to the present.

17      12.    As a result of Defendant's unlawful tip confiscation and pooling policy, Plaintiffs and

18  other similarly situated Tipped Employees were entitled to receive the FLSA Minimum Wage and not

19  the Tipped Employee Minimum Wage. Further, tips are the property of the employee who earns them

20  regardless of whether or not the employer has taken a tip credit. 29 C.F.R. § 531.52   Therefore,

21  Plaintiffs and other similarly situated Tipped Employees are entitled to the actual amount of tips they

22  earned rather than the amount they were left with after Defendant's mandatory tip pooling policies and

23  practices.

24  <u>**COLLECTIVE ACTION ALLEGATIONS**</u>

25      13.    Plaintiffs bring this action on behalf of themselves and all others similarly situated

26  pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

27      14.    Individuals similarly situated to Plaintiffs include all Tipped Employees working in the

28  Nightclubs at any time during the three years preceding the filing of this Complaint, for whom a tip

THEODORA ⬛ ORINGHER
COUNSELORS AT LAW

1  credit was applied to their wages or a portion of their tips was withheld by Defendant and shared with

2  Non-Tipped Employees. Defendant's policies and practices of mandatory tip pooling with

3  management and Non-Tipped Employees applied to all point of service employees receiving tips at

4  the Nightclubs. These similarly situated individuals who, pursuant to Plaintiffs' information and

5  belief, collectively number over 300, are so numerous that individual joinder is impractical. The

6  identities of all putative class members are within the knowledge of Defendant, and can be ascertained

7  only by reference to, Defendant's records.

8    15.    Each and every other similarly situated individual employed by Defendant has suffered

9  the same wrongdoing, and the factual and legal basis for the claims of Plaintiffs and similarly situated

10  Tipped Employees are similar such that their claims should be heard in one action.

11    **CLASS ACTION ALLEGATIONS**

12    16.    Plaintiffs also bring this action on behalf of themselves and a class of all other similarly

13  situated Tipped Employees, pursuant to Rule 23 of the Nevada Rules of Civil Procedure and the Fair

14  Labor Standards Act Section 16(b) as a collective action and will seek an order providing that Notice

15  be sent to all putative members of the class providing them with information regarding this action and

16  an opportunity to submit a consent to join with other similarly situated employees in pursuing the

17  relief sought by this Complaint.

18    17.    The proposed class is defined as all Tipped Employees working in the Nightclubs at

19  any time during the three years preceding the filing of this Complaint for whom a tip credit was

20  applied to their wages or a portion of their tips was withheld or otherwise confiscated by Defendant

21  and shared with Defendant's management or other Non-Tipped Employees.

22    18.    The members of the Class are so numerous that joinder is impractical. The interests of

23  justice require that these claims be litigated on a collective basis.

24    19.    Plaintiffs' claims are typical of the claims of the Class because Defendant kept,

25  confiscated, or interfered with tips properly due to Plaintiffs and all Class members. Plaintiffs, like all

26  Class members, have been damaged by Defendant's misconduct in that they have been, and will

27  continue to be, deprived of property and wages by Defendant's unlawful tip pooling and tip

28  confiscation policies. Furthermore, the factual basis of Defendant's misconduct is common to all Class

1017785.1/81370.05002

THEODORA ORINGHER
COUNSELORS AT LAW

members, including Plaintiffs, and represents a common thread of an unlawful policy and practice resulting in similar injuries to all members of the Class.

20.    There are numerous questions of law and fact common to the Class, and those common questions predominate over any questions affecting only individual Class members.  Among the questions of law and fact common to the Class are whether Defendant:

(a)    unlawfully permitted management and other employees who do not customarily and regularly receive tips to participate in the Class's mandatory tip pooling and tip confiscation practices;

(b)    improperly interfered with the Class members' tips;

(c)    unlawfully retained portions of the Class members' tips; and

(d)    implemented and executed tip policies and practices that are unlawful.

21.    Plaintiffs have suffered the harm alleged herein, have no interests antagonistic to the interests of any other Class member,  are committed to the vigorous prosecution of this action, and have retained competent and experienced counsel.  Therefore, Plaintiffs and their counsel are adequate representatives and will fairly and adequately protect the interests of the Class.

22.    A collective or class action is superior to other available methods for the fair and efficient adjudication of this controversy since the amount of each individual Class member's claim is small relative to the complexity of the litigation, and due to the financial resources of Defendant, no Class member could realistically afford to seek legal redress individually for the claims alleged herein. Therefore, absent a collective or class action, the Class members will continue to suffer losses, and Defendant's misconduct will proceed without remedy.

23.    Even if Class members themselves could afford such individual litigation, this Court may become immersed in numerous lawsuits with substantially similar facts and legal issues with relatively nominal damages. Given the complex legal and factual issues involved, individualized litigation would significantly increase the delay and expense to all parties. Individualized litigation would also create the potential for inconsistent or contradictory rulings. By contrast, a class action presents far fewer management difficulties, allows claims to be heard which might otherwise go unheard because of the relative expense of bringing individual lawsuits, and provides the benefits of

1  adjudication and comprehensive supervision by a single court.

2  <u>FIRST CLAIM FOR RELIEF</u>

3  **Failure to Pay Minimum Wages, 29 U.S.C. § 206 and Unlawful Mandatory Tip Sharing**

4      24.    Plaintiffs re-allege and incorporate by this reference each and every preceding

5  allegation in this Complaint, as if the same were fully set forth herein.

6      25.    Plaintiffs have consented in writing to become a party plaintiff in this lawsuit.

7  Plaintiffs' written consent thereto is attached as Exhibit "A" to this Complaint and incorporated herein

8  by reference.

9      26.    At all times relevant to this action, Defendant was Plaintiffs' and other similarly

10  situated employees' employer within the meaning of the Fair Labor Standards Act.  Defendant is

11  regularly engaged in interstate commerce and has revenues exceeding $500,000.00 per annum.

12      27.    Under the Fair Labor Standards Act, 29 U.S.C. § 206, Defendant was and is obligated

13  to compensate Plaintiffs and other similarly situated Tipped Employees at the FLSA Minimum Wage.

14      28.    Throughout the three years preceding the filing of this Complaint, Defendant failed to

15  pay Plaintiffs and other similarly situated Tipped Employees the FLSA Minimum Wage.  Instead,

16  Defendant applied a tip credit and paid Plaintiffs and other similarly situated Tipped Employees the

17  Tipped Employee Minimum Wage.  At all times relevant to this Complaint, Defendant was not

18  entitled to a tip credit because Plaintiffs and other Tipped Employees were required to share tips with

19  employees who are not regularly and customarily tipped.

20      29.    By failing to pay Plaintiffs and other similarly situated Tipped Employees the FLSA

21  Minimum Wage and maintaining a tip pool that is not authorized by the Fair Labor Standards Act,

22  Defendant violated and continues to violate the provisions of 29 USC § 203(m), 29 U.S.C. §

23  206(a)(1)(C), and 29 C.F.R. § 531.52. By forcing Plaintiffs to give up a percentage of their tips to

24  management and Non-Tipped Employees, Defendant has ignored and violated the provisions of 29

25  CFR 531.52 and 531.54 and unlawfully deprived Plaintiffs of earned employment-based

26  compensation to Plaintiffs' individual and collective detriment.

27      30.    Defendant's conduct as described herein above was willful and undertaken with the

28  intent and design to deprive Plaintiffs and other similarly situated Tipped Employees of their property.

THEODORA ORINGHER
COUNSELORS AT LAW

31.     Plaintiffs and other similarly situated Tipped Employees have been damaged by Defendant's conduct in an amount representing the difference between the Tipped Employee Minimum Wage and the FLSA Minimum Wage, together with all tips that should have been retained by Plaintiffs and those similarly situated as earned compensation, according to proof at trial.

32.     Plaintiffs and other similarly situated Tipped Employees are also entitled to liquidated damages equal to the amount of wages and tips unlawfully withheld by Defendant, together with their reasonable attorneys' fees and costs of suit, pursuant to 29 U.S.C. § 216(b).

33.     Defendant engaged in the aforesaid conduct willfully and with the intent to abuse its authority and economic power over Plaintiffs and other similarly situated Tipped Employees by taking advantage of their need for continued employment to force their acquiescence to an unlawful tip pooling and tip sharing policy.   Defendant's aforesaid conduct was malicious, oppressive, and undertaken in reckless disregard of the rights of Plaintiffs and other similarly situated Tipped Employees under the Fair Labor Standards Act.  Therefore, Plaintiffs and other similarly situated Tipped Employees are entitled to an award of punitive damages in an amount according to proof at trial.

## SECOND CLAIM FOR RELIEF

### Conversion

34.     Plaintiffs re-allege and incorporate by this reference each and every preceding allegation in this Complaint, as if the same were fully set forth herein.

35.     The tips and gratuities that customers leave for Plaintiffs and the members of the Class are Plaintiffs' and the Class members' property. 29 C.F.R. § 531.52.  Therefore, Plaintiffs and the members of the Class have, and at all relevant times had, ownership rights and the right to possess such tips and gratuities.

36.     Defendant retained tips and gratuities belonging to Plaintiffs and the Class members as described above, and thereby wrongfully exercised dominion and control over said tips and gratuities to the exclusion of the rights of Plaintiffs and the members of the Class.

37.     As a direct and proximate result of Defendant's wrongful exercise of dominion and control over the aforesaid tips and gratuities, Plaintiffs and the members of the Class have suffered

1 damage in an amount according to proof at trial.

2   38. Defendant engaged in the aforesaid conduct willfully and with the intent to abuse its

3 authority and economic power over Plaintiffs and other similarly situated Tipped Employees by taking

4 advantage of their need for continued employment to force their acquiescence to an unlawful tip

5 pooling and tip sharing policy.  Defendant's aforesaid conduct was malicious, oppressive, and

6 undertaken in reckless disregard of the rights of Plaintiffs and other similarly situated Tipped

7 Employees under the Fair Labor Standards Act.  Therefore, Plaintiffs and other similarly situated

8 Tipped Employees are entitled to an award of punitive damages in an amount according to proof at

9 trial.

10      **THIRD CLAIM FOR RELIEF**

11       **Unjust Enrichment**

12   39. Plaintiffs re-allege and incorporate by this reference each and every preceding

13 allegation in this Complaint, as if the same were fully set forth herein.

14   40. Plaintiffs and the members of the Class conferred a benefit upon Defendant, and gave

15 the benefit with Defendant's knowledge, by giving service to Defendant's customers, causing those

16 customers to leave tips and gratuities for Plaintiffs and the members of the Class and creating repeat

17 business and good will for Defendant.

18   41. Retention of the tips and gratuities by Defendant is unjust under the circumstances.

19   42. As a direct and proximate result of Defendant's unjust retention of the aforesaid tips

20 and gratuities, Plaintiffs and the members of the Class have suffered damage in an amount equating to

21 the amounts unlawfully taken from Plaintiffs and the Class and according to proof at trial.

22        **PRAYER**

23   WHEREFORE, Plaintiffs and all other similarly situated employees pray for judgment against

24 Defendant as follows:

25   1. <u>On the First Claim for Relief</u>: for compensatory damages equal to the minimum wages

26 and tips unlawfully withheld from Plaintiffs and all other similarly situated employees, and according

27 to proof at trial;  for liquidated damages in a sum equal to compensatory damages, pursuant to 29

28 U.S.C. § 216(b);  for return of the amounts unlawfully taken from the tips earned by Plaintiffs and all

THEODORA ORINGHER
COUNSELORS AT LAW

other similarly situated employees; for an award of liquidated and punitive damages according to proof at trial; and for an award of reasonable attorneys' fees, expenses, and costs of suit pursuant to 29 U.S.C. § 216(b).

2.  <u>On the Second Claim for Relief</u>: for compensatory damages according to proof at trial; and for an award of punitive damages according to proof at trial.

3.  <u>On the Third Claim for Relief</u>: for compensatory damages and/or restitution in an amount according to proof at trial.

4.  <u>On All Claims for Relief</u>: for an Order certifying this action as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), and as a class action pursuant to Rule 23 of the Nevada Rules of Civil Procedure; for prejudgment and post-judgment interest at their respective maximum legal rates; for attorneys' fees and costs to the extent permitted by statute, contract, or in equity; and for any other or additional relief that the Court deems to be just and proper.

DATED: July 25, 2016                THEODORA ORINGHER PC


By: _____
       Jon R. Mower, Esq.
       Attorneys for Plaintiffs

DATED: July 25, 2016                GABROY LAW OFFICES


By: _____
       Christian J. Gabroy, Esq.
       Oscar Peralta, Esq.
       Attorneys for Plaintiffs

1017785.1/81370.05002

10

1

### DEMAND FOR JURY TRIAL

2      Plaintiffs Kevin Carter, Michael Sacco, and Blake Reck for themselves and all similarly

3  situated employees, hereby demand trial of these claims by jury to the extent authorized by law.

4  DATED:  July 25, 2016          THEODORA ORINGHER PC

5

6                       By:  _____

7                           Jon R. Mower, Esq.

8                           Attorneys for Plaintiffs

9  DATED:  July 25, 2016          GABROY LAW OFFICES

10

11

12                     By:  _____

                         Christian J. Gabroy, Esq.

13                        Oscar Peralta, Esq.

14                        Attorneys for Plaintiffs

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1017785.1/81370.05002

11

*COMPLAINT*



**CONSENT TO JOINDER**
Carter, et al. v. Wynn Las Vegas, LLC

    By signing below I hereby consent to join this case *Carter, et al. v. Wynn Las Vegas, LLC et al.*, as a plaintiff pursuant to 29 U.S.C. 216(b) and be represented by the attorneys Theodora Oringher PC, and GABROY LAW OFFICES pursuant to a written retainer agreement I have executed with them.

Date: 7/19/16

Signature: Mich l SaO

Print Name: Michael Sacco

YOU MUST ALSO EXECUTE A RETAINER FORM

ORIGINAL OF THIS FORM SHOULD BE RETURNED TO:

Jon R. Mower, Esq.
THEODORA ORINGHER PC
535 Anton Blvd., Suite 900
Costa Mesa, CA 92626

## CONSENT TO JOINER
Carter, et al. v. Wynn Las Vegas, LLC

By signing below I hereby consent to join this case *Carter, et al.* v.*Wynn Las Vegas, LLC et al.*, as a plaintiff pursuant to 29 U.S.C. 216(b) and be represented by the attorneys Theodora Oringher PC, and GABROY LAW OFFICES pursuant to a written retainer agreement I have executed with them.

Date: _07/22/2016_

Signature: _____

Print Name: _KEVIN CARTER_

YOU MUST ALSO EXECUTE A RETAINER FORM


ORIGINAL OF THIS FORM SHOULD BE RETURNED TO:

Jon R. Mower, Esq.
THEODORA ORINGHER PC
535 Anton Blvd., Suite 900
Costa Mesa, CA 92626

## CONSENT TO JOINDER
Carter, et al. v. Wynn Las Vegas, LLC

By signing below I hereby consent to join this case *Carter, et al.* v. *Wynn Las Vegas, LLC  et al.*, as a plaintiff pursuant to 29 U.S.C. 216(b) and be represented by the attorneys Theodora Oringher PC, and GABROY LAW OFFICES pursuant to a written retainer agreement I have executed with them.

Date: 20 JULY 2016

Signature: *[signature]*

Print Name: BLAKE RECK

YOU MUST ALSO EXECUTE A RETAINER FORM

ORIGINAL OF THIS FORM SHOULD BE RETURNED TO:

Jon R. Mower, Esq.
THEODORA ORINGHER PC
535 Anton Blvd., Suite 900
Costa Mesa, CA 92626

**IAFD**
GABROY LAW OFFICES
Christian Gabroy (#8805)
Oscar Peralta (#13559)
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Tel    (702) 259-7777
Fax    (702) 259-7704
CHRISTIAN@GABROY.COM

Jon R. Mower, Esq.
Application for Admission *Pro Hac Vice* Pending
THEODORA ORINGHER PC
535 Anton Boulevard, Ninth Floor
Costa Mesa, California 92626-7109
Tel    (714) 549-6200
Fax    (714) 549-6201

*ATTORNEYS FOR PLAINTIFF*

### DISTRICT COURT

### EIGHTH JUDICIAL DISTRICT COURT, CLARK COUNTY, NEVADA

| | |
|---|---|
| KEVIN CARTER, MICHAEL SACCO, and BLAKE RECK individually and on behalf of all persons similarly situated; | Case No. <br> Dept.: |
| Plaintiffs, | |
| vs. | |
| WYNN LAS VEGAS, LLC, a Nevada limited liability company, | **Initial Appearance Fee Disclosure** |
| Defendants. | |

Pursuant to NRS Chapter 19, filing fees are submitted for parties appearing in the above-captioned action as indicated below:

Kevin Carter, Plaintiff                          $270.00

Michael Sacco, Plaintiff                        $30.00

Blake Reck, Plaintiff                             $30.00

Page 1 of 2

1
2          TOTAL REMITTED                                    $330.00
3
4     Dated this 26th day of July 2016

5                                              GABROY LAW OFFICES
6
7                                    By:    _____/s/ Christian Gabroy_____
8                                           Christian Gabroy (#8805)
                                            Oscar Peralta (#13559)
9                                           170 South Green Valley Parkway,
                                            Suite 280
10                                          Henderson, Nevada 89012
                                            Tel    (702) 259-7777
11                                          Fax    (702) 259-7704
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

A- 16- 740621- C

DISTRICT COURT CIVIL COVER SHEET XXVI I

Clark County, Nevada

Case No. _____
*(Assigned by Clerk's Office)*

## I. Party Information *(provide both home and mailing addresses if different)*

| Plaintiff(s) (name/address/phone): | Defendant(s) (name/address/phone): |
|---|---|
| KEVIN CARTER, MICHAEL SACCO, and BLAKE RECK individually and on behalf of all others similarly situated, | WYNN LAS VEGAS, LLC, a Nevada limited liability company |

| Attorney (name/address/phone): | Attorney (name/address/phone): |
|---|---|
| Gabroy Law Offices | |
| 170 S Green Valley Parkway, Suite 280 | |
| Henderson, NV 89012 | |
| (702) 259-7777 | |

## II. Nature of Controversy *(please select the one most applicable filing type below)*

**Civil Case Filing Types**

| Real Property | Torts | |
|---|---|---|
| **Landlord/Tenant** | **Negligence** | **Other Torts** |
| ☐ Unlawful Detainer | ☐ Auto | ☐ Product Liability |
| ☐ Other Landlord/Tenant | ☐ Premises Liability | ☐ Intentional Misconduct |
| **Title to Property** | ☐ Other Negligence | ☒ Employment Tort |
| ☐ Judicial Foreclosure | **Malpractice** | ☐ Insurance Tort |
| ☐ Other Title to Property | ☐ Medical/Dental | ☐ Other Tort |
| **Other Real Property** | ☐ Legal | |
| ☐ Condemnation/Eminent Domain | ☐ Accounting | |
| ☐ Other Real Property | ☐ Other Malpractice | |

| Probate | Construction Defect & Contract | Judicial Review/Appeal |
|---|---|---|
| **Probate** *(select case type and estate value)* | **Construction Defect** | **Judicial Review** |
| ☐ Summary Administration | ☐ Chapter 40 | ☐ Foreclosure Mediation Case |
| ☐ General Administration | ☐ Other Construction Defect | ☐ Petition to Seal Records |
| ☐ Special Administration | **Contract Case** | ☐ Mental Competency |
| ☐ Set Aside | ☐ Uniform Commercial Code | **Nevada State Agency Appeal** |
| ☐ Trust/Conservatorship | ☐ Building and Construction | ☐ Department of Motor Vehicle |
| ☐ Other Probate | ☐ Insurance Carrier | ☐ Worker's Compensation |
| **Estate Value** | ☐ Commercial Instrument | ☐ Other Nevada State Agency |
| ☐ Over $200,000 | ☐ Collection of Accounts | **Appeal Other** |
| ☐ Between $100,000 and $200,000 | ☐ Employment Contract | ☐ Appeal from Lower Court |
| ☐ Under $100,000 or Unknown | ☐ Other Contract | ☐ Other Judicial Review/Appeal |
| ☐ Under $2,500 | | |

| Civil Writ | Other Civil Filing |
|---|---|
| **Civil Writ** | **Other Civil Filing** |
| ☐ Writ of Habeas Corpus   ☐ Writ of Prohibition | ☐ Compromise of Minor's Claim |
| ☐ Writ of Mandamus   ☐ Other Civil Writ | ☐ Foreign Judgment |
| ☐ Writ of Quo Warrant | ☐ Other Civil Matters |

*Business Court filings should be filed using the Business Court civil coversheet.*

7/26/2016
_____
Date

_____
Signature of initiating party or representative

*See other side for family-related case filings.*